FELIPE OLIVERO GARCÍA ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, Respondent.

No. 978.  Submitted November 2, 1936.—Decided November 30, 1936.

*Heriberto Torres Solá* for appellant.  The Registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 28th of July, 1936, the petitioners formally requested the cancellation of an entry of suit on the books of the Registry of San Juan, First Section.  This they asked on the ground that four years and five months had elapsed since the entry had been made and hence was subject to cancellation pursuant to paragraph (*b*) of Section 1 of Act No. 12 of 1923 (Laws, Special Session, p. 36).

The note of the registrar in substance reads:

"The requested cancellation is denied because the year granted by Act 19 of 1936 to the interested party for obtaining an extension of his entry of suit from a competent court has not elapsed, and cautionary notice of 120 days is entired. . . ."

In 1923 the legislature passed an Act (No. 12, supra) which established a definite procedure by which to

cancel certain liens, and entries of chattels real etc. on account of lapse of time. In many instances the prescriptive period existing prior to that year was considerably reduced.

Paragraph (*b*) of Section 1 of that law reads:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

"(*a*) .    .    .    .    .    .    .    .    .

"(*b*) Entries of attachments, prohibition to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending. If when this Act takes effect said term shall have wholly expired, or only one (1) year or less remains thereof to run, the party interested in the entry shall have one (1) year from the time this Act takes effect to obtain from a competent court an extension of such entry.

"(*c*) .    .    .    .    .    .    .    .    .

"(*d*) .    .    .    .    .    .    .    .    ."

The law consists of four Sections, the last of which provides that the preceding three shall be called Sections 388-*a*, 388-*b*, and 388-*c* of the Mortgage Law. In 1924, paragraph (*a*) of Section 1 was amended. In 1936, Act No. 19, supra, was passed and it reads:

"AN ACT

"To amend Act No. 12 of August 29, 1923, as amended by Act No. 12, of June 25, 1924, which amendment shall be inserted as article 388-a of the Mortgage Law.

"*Be it enacted by the Legislature of Puerto Rico:*

"Section 1.—An amendment is hereby made to Act No. 12, of August 29, 1923, as amended by Act No. 12, of June 25, 1924, which amendment shall read as follows and shall be inserted as Article 388-A of the Mortgage Law:

" 'Article 388-A.—On application of a party, authenticated before a notary, the registrars of property shall proceed to cancel in the respective register:

" ' '(*a*) Any mentions of property rights recorded in the old or modern books of the registry, if more than ten (10) years have

elapsed since the respective mention was made, when the interested party, within the term of six (6) months from the date on which this Act takes effect, has not requested the entry of the mentioned right, or has not brought judicial action to claim his right and entered such claim in the registry.

" 'Any such mentions of obligations for the payment of money and for deferred payments of the price of purchase and sale of real property, whether or not a term has been fixed for complying with the mentioned obligation, as appear in the old or modern books of the registry, if more than five (5) years have elapsed since the respective mention was made, when the interested party, within the term of six (6) months from the date on which this Act takes effect, has no brought judicial action to claim his right and entered such claim in the registry.

" '(b) Entries of attachment, prohibitions to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending. If, when this Act takes effect, said term shall have wholly expired or only one (1) year or less thereof remains to run, the party interested in the entry shall have one (1) year from the time this Act takes effect to obtain from a competent court an extension of such entry.

" '(c) Entries of bonds secured by mortgages to guarantee the faithful performance of public duties, when executed in favor of the State, a municipality or any government institution or officer, and provided such bonds shall have been given for over twenty (20) years, unless the registrar is notified by competent authority within a term of six (6) months after this Act takes effect, that the officer in whose favor such bond was given is holding office, or that claims are pending by reason of said office.

" '(d) Judgment liens recorded in the registry for over five (5) years, provided this term is not extended by order of a competent court, but in no case shall such extension be for a term longer than five (5) years.'

"Section 2.—It is hereby declared that an emergency exists which warrants the immediate taking effect of this Act, and, therefore, the same shall take effect from the date of its approval.

"Section 3.—All laws or parts of laws in conflict herewith are hereby repealed. Approved, July 9, 1936."

This Act once again amends paragraph (*a*) of Section 1 of the Act of 1923, as amended in 1924, but merely repeats

the words of the Act of 1923 with regard to paragraphs (*b*), (*c*) and (*d*) of the same section. The question before us is whether paragraph (*b*), as repeated in the present Act, extends for another year the right of plaintiffs to obtain from a competent court the renewal of an uncancelled entry of suit.

In the administrative appeal of *María Alejandro Pinto v. Registrar of Property of San Juan, First Section,* No. 979, decided on this same date, we held that the law of 1936, supra, did not repeal Sections 2 and 3 of the Law of 1923, by implication. We there relied on the principle that the Legislature had expressed a definite policy with regard to the cancellation of the liens referred to in those two Sections, and that no intent was clearly expressed to repeal them.

In our case the petitioners would, under the Act of 1923, have an absolute and immediate right to the cancellation of the entry of suit. The actual paragraph amended under the 1936 act (par. (*a*)) reduced the prescriptive period therein mentioned by 10 years. Could the law have been intended to protect for another whole year plaintiffs whose entries had been made anywhere up to 19 years before its operation? It would seem that as to the persons whose right to cancellation had already become absolute under the Law of 1923, the operation of the present act would have, or should have, no effect. The constant intention of the Legislature expressed throughout the various laws on the same subject is against it. We feel bound to agree with the appellants that the inclusion of the words in Section (*b*) which have do do with the extra year are there by inadvertence and that the Legislature in copying the whole of Section 1 did not intend to revive the year of grace. This saving clause was necessary in that law because it fixed for the first time a specific term after which a cancellation could be obtained without the necessity of complying with the former require-ments of the law. In other words, independently of the right

to resort to a court of justice, there was created in the registry itself a summary manner by which to cancel.

The ruling of the Registrar will be reversed and the cancellation ordered.

Mr. Chief Justice Del Toro took no part in the decision of this court.